IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REDOAK HOSPITAL, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MARATHON OIL COMPANY, MARATHON OIL COMPANY WELLNESS PLAN, and BRIAN J. LINDER, | § § § § § § | C.A. No. 4:16-cv-01882 |
| Defendants. | § | |

## DEFENDANTS' MOTION TO DISMISS

Andrew G. Jubinsky
Texas Bar No. 11043000
Fed. I.D. No. 8603
andy.jubinsky@figdav.com
**Attorney-in-Charge**

**Of Counsel:**
Don Colleluori
Texas Bar No. 04581950
Fed. I.D. No. 8598
don.colleluori@figdav.com
Raymond E. Walker
Texas Bar No. 24037663
Fed. I.D. No. 36366
ray.walker@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANTS

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENTS OF FACT.................................................................................... 2

    A.   Relevant Documents................................................................................... 2

    B.   Operative Facts .......................................................................................... 3

III. ARGUMENT AND AUTHORITIES ................................................................... 4

    A.   Standard ..................................................................................................... 4

    B.   All of Redoak's Claims Fail for Want of a Plan or any Plan Participants
        or Beneficiaries.......................................................................................... 6

    C.   Alternatively, the Assignment Does not Confer Standing on Redoak to
        Assert ERISA *Non-Benefit* Claims ................................................................ 8

IV. CONCLUSION ................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................... 5

*Alabama–Coushatta Tribe of Texas v. United States*,
   757 F.3d 484, 487 (5th Cir. 2014) ............................................................................. 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 555 (2007) ........................................................................................... 5

*Boldt v. Dow Chem. Co. Voluntary Grp. Acc. Ins. Plan*,
   No. 6:06-CV-25, 2007 WL 2329873 (S.D. Tex. Aug. 15, 2007) ................................. 8

*In re BP p.l.c. Sec. Litig.*,
   922 F. Supp. 2d 600 (S.D. Tex. 2013) ....................................................................... 3

*Caldwell v. Enter. Products Co.*,
   No. CV H-15-3463, 2016 WL 3166866 (S.D. Tex. June 7, 2016) ............................... 5

*Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*,
   No. CV 14-01480 MMM .......................................................................................... 8

*Clark v. Tarrant Cnty, Texas*,
   798 F.2d 736, 741 (5th Cir. 1986) ............................................................................. 5

*Cobb v. Cent. States*,
   461 F.3d 632 (5th Cir. 2006) ..................................................................................... 6

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ..................................................................................... 2

*Ctr. for Reconstructive Breast Surgery, LLC v. Blue Cross*
   *Blue Shield of La.*,
   No. 11-806, 2013 WL 5519320 (E.D. La. Sept. 30, 2013) .......................................... 6

*Cuvillier v. Taylor*,
   503 F.3d 397, 401 (5th Cir. 2007) ............................................................................. 5

*Home Builders Assoc. of Miss., Inc. v. City of Madison, Miss.*,
   143 F.3d 1006, 1010 (5th Cir. 1998) ......................................................................... 4

*Ingalls v. Edgewater Private Equity Fund III, L.P.*,
   No. CIV.A. H-05-1392, 2005 WL 2647962 (S.D. Tex. Oct. 17, 2005) ........................ 6

*Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*,
   No. 3:12-cv-1607-O, 2014 WL 10212850, *4 (N.D. Tex. July 21, 2014) .................... 6

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (5th Cir. 2007) *cert. denied*, 552 U.S. 1182 (2008) ............................... 2

*Letourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal–Mart Stores, Inc.*,
   298 F.3d 348 (5th Cir. 2002) .......................................................................................... 6

*Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Texas,*
   16 F. Supp. 3d 767, 778 (S.D. Tex. 2014) ................................................................. 6, 9

*Norris v. Hearst Trust*, 500,
   F.3d 454, 464 (5th Cir. 2007) ........................................................................................ 5

*Quality Infusion Care, Inc. v. Aetna Life Ins. Co.*,
   No. CIV.A. H-05-2929, 2006 WL 3487248 (S.D. Tex. Dec. 1, 2006),
   *aff'd*, 257 F. App'x 735 (5th Cir. 2007) ........................................................................ 9

*Romano Woods Dialysis Ctr. v. Admiral Linen Serv., Inc.*,
   No. H-14-1125, 2014 WL 3533479 (S.D. Tex. July 15, 2014) .................................... 9

*Sleep Lab at W. Houston v. Texas Children's Hosp.*,
   No. H-15-0151, 2015 WL 3507894 (S.D. Tex. June 2, 2015) ....................... 2, 4, 5, 10

*Tenet Healthcare Ltd. v. UniCare Health Plans of Texas, Inc.*,
   No. CIV. A. H-07-3534, 2008 WL 5101558 (S.D. Tex. Nov. 26, 2008) .................... 10

*Texas Gen. Hosp., LP v. United Healthcare Servs., Inc.*,
   No. 3:15-CV-02096-M, 2016 WL 3541828 (N.D. Tex. June 28, 2016) ...................... 9

*Texas Life, Accident & Hosp. Servs. Ins. Guar. Ass'n v. Gaylord*,
   105 F.3d 210 (5th Cir. 1997) ......................................................................................... 9

*Tigue Inv. Co. v. Chase Bank of Texas*,
   No. CIV.A.3:03 CV 6490 N, 2004 WL 3170789, at *2 (N.D. Tex. Nov.
   15, 2004) ........................................................................................................................ 5

*In re Westar Energy, Inc., ERISA Litig.*,
   No. 03-4032-JAR, 2005 WL 2403832 (D. Kan. Sept. 29, 2005) .................................. 5

**Statutes**

29 U.S.C. § 1109 ............................................................................................................ 7

29 U.S.C. § 1132 ....................................................................................................*passim*

29 U.S.C. § 1133 ....................................................................................................... 4, 7

29 U.S.C. § 1140 ............................................................................................................ 9

**Other Authorities**

29 C.F.R. § 2520.103-1 ................................................................................................. 2

29 C.F.R. § 2520.104a-1(a) .......................................................................................... 2

29 C.F.R. § 2520.104b-2(g) .......................................................................................... 8

Fed. R. Civ. P. 9(b) ................................................................................................*passim*

Fed. R. Civ. P. 12(b)(1) .........................................................................................*passim*

Fed. R. Civ. P. 12(b)(6) .........................................................................................*passim*

Fed. R. Evid. 201 .......................................................................................................... 3

Defendants file this motion to dismiss Plaintiff's Original Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b), and state:

## I. INTRODUCTION

In this ERISA action, Plaintiff Redoak Hospital, LLC ("Redoak") named a wellness plan that ceased to exist at the end of 2012, the wellness plan's sponsor, and the individual medical doctor who served as the plan administrator as Defendants. Redoak asserts a benefits claim (Count One) for medical benefits related to services provided in 2014. Even if the Marathon Oil Company Wellness Plan ("Wellness Plan") had still been in existence in 2014, the Wellness Plan did not provide for medical or surgical benefits. Redoak additionally asserts several non-benefits claims (Counts Two through Six) in connection with an allegedly unpaid claim for health benefits for services it provided to patient "ML" in 2014. Because healthcare providers lack independent standing to sue under ERISA, Redoak sues as assignee of its patient, ML.

Only a plan participant or beneficiary can sue under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). As shown by the documents incorporated into the Complaint, the Wellness Plan was terminated at the end of 2012, and for this reason, there were no participants or beneficiaries in the plan in 2014. Apart from that, the assignment on which Redoak relies did not convey any non-benefits claims under ERISA.[1] Accordingly, the Complaint should be dismissed in its entirety or, alternatively, should be dismissed with respect to the ERISA non-benefits claims (Counts Two through Six).

---

[1] Defendants reserve the right to address other factual or legal deficiencies permeating these claims later. Unless otherwise noted, all emphases are by counsel.

## II. STATEMENTS OF FACT

### A. RELEVANT DOCUMENTS

In addition to the face of the Complaint and its attached exhibits, the Court may consider (i) the Department of Labor ("DOL") Form 5500s for the plan and (ii) the agency's instructions for those forms.[2] DOL ERISA regulations require plans to file these forms with the agency, and they are published on its website.[3] The Court may consider them here for three independent reasons. First, they are incorporated in and central to the Complaint and may be considered under Rule 12(b)(6).[4] Second, these documents clearly show Redoak's lack of standing, and the absence of a plaintiff with standing to bring a claim means that this court lacks subject-matter jurisdiction under Rule 12(b)(1).[5] Third, the Court should take judicial notice of them and thus consider

---

[2] The DOL publishes plans' Form 5500s for each plan year from 2009 to the present: https://www.efast.dol.gov/portal/app/disseminate?execution=e2s1. The DOL also publishes instructions for completing the form on its website. *See* Dep't of Labor, Instructions for Form 5500: Annual Return/Report of Employee Benefit Plan (2012), *available at* https://www.dol.gov/ebsa/pdf/2012-5500inst.pdf. These instructions and the final Form 5500 for the Wellness Plan are submitted herewith in an Appendix in support of the motion, which has been uniformly paginated for easier reference. Pinpoint citations to the Appendix materials are in the format "App. at ___".

[3] 29 C.F.R. § 2520.104a-1(a) (plan administrators must file annual reports that "accurately and comprehensively detail the information required" for each active plan year); *see also* 29 C.F.R. § 2520.103-1 (prescribing content). For most plans, these requirements are met by filing DOL Form 5500 materials "in accordance with the instructions for the form" *See id.* § 2520.103-1(b)(1).

[4] Complaint ¶ 57 ("Through Mr. Linder's position with the Plan, **coupled with the Form 5500** portraying Mr. Linder as the Plan Administrator, Mr. Linder is charged with the responsibilities and duties of the Plan's Plan Administrator."); *Collins v. Morgan Stanley Dean Witte*r, 224 F.3d 496, 498-99 (5th Cir. 2000); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("But because the defendants attached the [insurance] contracts to their motion to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss."), *cert. denied*, 552 U.S. 1182 (2008).

[5] *See Sleep Lab at W. Houston v. Texas Children's Hosp.*, No. H-15-0151, 2015 WL 3507894, at *2 (S.D. Tex. June 2, 2015) (Lake, J.) (factual attacks on the court's jurisdiction permit consideration of matters outside the pleadings) ("*Sleep Lab*").

these forms and instructions under both Rule 12(b)(1) and (6).[6]

B.   OPERATIVE FACTS

1.    Defendant Marathon Oil Company Wellness Plan (*i.e.* the Wellness Plan, DOL "plan number" 506) is an ERISA-governed wellness plan that was first effective April 1, 1990 (the "Wellness Plan") and was terminated December 31, 2012.[7]

2.    Defendant Brian J. Linder, M.D. ("Dr. Linder") was the plan administrator for the Wellness Plan.[8]

3.    Defendant Marathon Oil Company (the "Company") was the sponsor of the Wellness Plan sponsor, and was never the plan administrator of the Wellness Plan.[9]

4.    Part I, line B of the Form 5500 for the Wellness Plan for plan year 2012 clearly shows that this was the "final return/report" for the Wellness Plan, which terminated at the end of 2012 and thereafter had no participants or beneficiaries.[10]

5.    Redoak: operates a hospital located in Houston;[11] treated patient "ML" on or about March 14, 2014; and obtained an assignment of benefits from ML the same day

---

[6] Fed. R. Evid. 201; *see In re BP p.l.c. Sec. Litig.*, 922 F. Supp. 2d 600, 614 (S.D. Tex. 2013) (Ellison, J.) ("…the court may take judicial notice of the contents of public disclosure documents that the law requires to be filed with governmental agencies, such as the SEC, and that are actually filed with those agencies.").

[7] App. at 1; Complaint ¶ 3.

[8] App. at 1-2 (line "3a"); Complaint ¶¶ 4-5, 57.

[9] App. at 1-2 (line "2a").

[10] *See* App. at 1 (Part I, line B). In 2012, the DOL instructions for Form 5500 required plans to report whether they had been terminated by checking "the final return/report box in Part I, line B at the top of the Form 5500." *Id.* at 8; *see* Dep't of Labor, Instructions for Form 5500: Annual Return/Report of Employee Benefit Plan (2012) at 6, *available at* https://www.dol.gov/ebsa/pdf/2012-5500inst.pdf. The form also requires the plan administrator to set forth the number of "Active participants" at the end of the plan year and the number of retired or separated participants receiving or entitled to future benefits under the Plan. *Id.* at 2 (lines "6a" through "6b") (addressing lines 6(a)-(d) of the Form 5500 at pages 15-16 of the instructions). The Form 5500 for the Wellness Plan clearly indicates that there were no active participants at the end of the plan year.

[11] Complaint ¶ 1.

(the "Assignment").[12] Despite the fact that Redoak provided services more than a year after the Wellness Plan had terminated, Redoak allegedly submitted a claim for benefits under the Wellness Plan and a request for documents from the Wellness Plan administrator.[13] Redoak further alleges that its claim was not paid because "United Healthcare" improperly applied those benefits to amounts that Redoak owed United Healthcare or other plans on other claims under other health plans.[14]

### III. ARGUMENT AND AUTHORITIES

In its Complaint, Redoak seeks plan benefits under 29 U.S.C. § 1132(a)(1)(B) (Count One); seeks damages and other relief for alleged breaches of fiduciary duty, under §§ 1132(a)(2) and (c) based on the non-payment of its benefits claim (Counts Two through Four); asserts a cause action for a "full and fair review" for purported procedural violations concerning the administrative appeal/review of its claim and appeal under § 1133 (Count Five); and seeks statutory penalties under § 1132(c) relating to its alleged request to Dr. Linder to provide copies of claim and plan documentation (Count Six).[15]

### A. STANDARD

Rule 12(b)(1) governs challenges to subject matter jurisdiction.[16] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[17] "Courts may dismiss for lack

---

[12] Complaint at ¶¶ 29-30.

[13] *Id.* at ¶ 30.

[14] *Id.* at ¶¶ 31-32.

[15] *Id.* at ¶¶ 62-75.

[16] *Sleep Lab*, 2015 WL 3507894, at *2.

[17] *Id.* (quoting *Home Builders Assoc. of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[18] The plaintiff bears the burden of establishing jurisdiction. The Court must resolve challenges to jurisdiction under Rule 12(b)(1) before addressing merits-based challenges.[19]

The sufficiency of a complaint is governed by Rule 12(b)(6).[20] "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'"[21] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] A "complaint must allege more than labels and conclusions," and "naked assertion[s] devoid of further factual enhancement" are insufficient.[23] And when the factual allegations in a complaint, taken as true, nevertheless "could not raise a claim of entitlement to relief," these defects should be exposed early to save the resources of both the litigants and the courts, requiring dismissal.[24]

---

[18] *Id*. (citing *Clark v. Tarrant Cnty, Texas*, 798 F.2d 736, 741 (5th Cir. 1986)).

[19] *Id*. (citing *Alabama–Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 487 (5th Cir. 2014)).

[20] *Caldwell v. Enter. Products Co.*, No. CV H-15-3463, 2016 WL 3166866, at *1 (S.D. Tex. June 7, 2016) (Rosenthal, J.).

[21] *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*") and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*")).

[22] *Id*. (citing *Twombly* and *Iqbal*).

[23] *See id*. (citing *Norris v. Hearst Trust*, 500, F.3d 454, 464 (5th Cir. 2007) and *Iqbal*, 556 U.S. at 678, both in turn quoting *Twombly*, 550 U.S. at 555 and 557) (internal quotations omitted).

[24] *See id*. (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) in turn quoting *Twombly*, 550 U.S. at 558). The Complaint also runs afoul of Rule 9(b) because it contains numerous underlying allegations of fraud (¶¶ 11-12, 16, 32, 33), yet violates the rule's prohibition on "group pleading" by improperly lumping all Defendants together without specifying the particular conduct of each Defendant separately. Fed. R. Civ. P. 9(b); *Tigue Inv. Co. v. Chase Bank of Texas*, N.A., No. CIV.A.3:03 CV 2490 N, 2004 WL 3170789, at *2 (N.D. Tex. Nov. 15, 2004); *see also In re Westar Energy, Inc., ERISA Litig.*, No. 03-4032-JAR, 2005 WL 2403832, at *4 (D. Kan. Sept. 29, 2005) ("courts have applied the heightened pleading standards of Rule 9(b) to ERISA breach of fiduciary duty claims that

### B.    ALL OF REDOAK'S CLAIMS FAIL FOR WANT OF A PLAN OR ANY PLAN PARTICIPANTS OR BENEFICIARIES

Redoak's claim for ERISA benefits under § 1132(a)(1)(B) requires (among other things) the existence of a plan, plan terms providing the specified benefits, a colorable right to receive benefits, and participants or beneficiaries who can sue to enforce those rights under the plan.[25] But because the Wellness Plan terminated at the end of 2012 and thereafter there were no Wellness Plan participants or beneficiaries, all three crucial components necessary for such a claim are missing here. Count One must therefore be dismissed for lack of standing under Rule 12(b)(1) and/or failure to state a claim under Rule 12(b)(6).

Redoak's non-benefits claims under ERISA fare no better. "Standing is jurisdictional."[26] ERISA permits a civil action to be brought only by a statutorily defined "participant or beneficiary."[27] Because there were no participants or beneficiaries, there is no standing to assert Counts Two through Six. As a result, this court lacks subject matter jurisdiction because ML was not (and Redoak therefore cannot be derivatively) a

---

are predicated on allegations of fraudulent conduct."); *see also Ingalls v. Edgewater Private Equity Fund III, L.P.*, No. CIV.A. H-05-1392, 2005 WL 2647962, at *6 (S.D. Tex. Oct. 17, 2005) (breach of fiduciary duty claim that grouped all Defendants together violated Rule 9(b)).

[25] *See* 29 U.S.C. § 1132(a)(1)(B) (permitting a civil action by a "**participant or beneficiary**…to recover **benefits due** to him under the **terms of his plan**…"); *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006) (because plaintiff was neither a participant nor beneficiary as those terms are applied under ERISA, the plaintiff lacked standing to assert an ERISA claim). And of course, because Redoak's incorporation of the Form 5500s effectively pleads there is no plan, Redoak has failed to plead the breach of any specific plan terms under which additional benefits would plausibly be owed. *See Mid-Town Surgical Ctr., L.L.P.* v. *Humana Health Plan of Texas,* 16 F. Supp. 3d 767, 778 (S.D. Tex. 2014) ("[T]o assert a claim for benefits under ERISA, a plaintiff must identify a specific plan term that confers the benefits in question," quoting *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc*., No. 3:12-cv-1607-O, 2014 WL 10212850, *4 (N.D. Tex. July 21, 2014)); *see also Ctr. for Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of La.*, No. 11-806, 2013 WL 5519320, at *1 (E.D. La. Sept. 30, 2013) (finding plaintiffs must "identify the specific plan terms allegedly breached and the manner of their breach" for ERISA claims).

[26] *Letourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal–Mart Stores, Inc*., 298 F.3d 348, 351 (5th Cir. 2002).

[27] 29 U.S.C. § 1132(a).

participant or beneficiary entitled to assert *any* of these claims.[28]

Independent of the foregoing, these facts further negate the non-benefits claims in several ways. First, with respect to the breach of fiduciary duty claims (Counts Two through Four), Dr. Linder had long ceased being a fiduciary with respect to the Wellness Plan given that it terminated in 2012. ERISA explicitly provides that there is no fiduciary liability if the alleged breach was committed by an individual "after he ceased to be a fiduciary."[29] The Company was never a fiduciary with respect to the Wellness Plan.[30] And the relief Redoak seeks in Count Four, removal of fiduciaries,[31] similarly fails inasmuch as there are no fiduciaries to remove given that the Wellness Plan was terminated at the end of 2012. Counts Two through Four must therefore be dismissed on each of these additional grounds as well.

Second, Count Five, which is premised on the Wellness Plan's violation of ERISA's procedural requirements (*i.e.* "for full and fair review"), is similarly infirm. These provisions apply only to a "plan" and, in turn, prescribe: (i) notices a plan must give "any participant or beneficiary" and (ii) that such "participant(s)" must be afforded appropriate review "by the appropriate named fiduciary."[32] But again, there was no plan in 2014, no participants or beneficiaries in 2014, and no named fiduciary in 2014.

---

[28] 29 U.S.C. § 1132(a)(1) (benefits claims under § 1132(a)(1)(B), breach of fiduciary duty claims under subsection (a)(2), and statutory penalty claims under subsection (c) are brought by a "participant or beneficiary").

[29] 29 U.S.C. § 1109(b).

[30] As set forth in the Wellness Plan's Form 5500, the Company was the plan sponsor, not the plan administrator. App. at 1-2.

[31] Removal of plan fiduciaries is a remedy that is governed by 29 U.S.C. § 1109, made actionable by participants and beneficiaries by virtue of § 1132(a).

[32] 29 U.S.C. § 1133.

Third, the statutory penalty claim in Count Six fails for want of any plan administrator.[33] Moreover, these penalties arise from failure to provide participants and beneficiaries with requested "plan documents," like the summary plan description ("SPD").[34] But Dr. Linder (the former Plan administrator) bore no underlying duty to provide an SPD to ML in 2014.[35]

The termination of the Wellness Plan at the end of 2012 and the absence of any Wellness Plan participants or beneficiaries thereafter lead to the inescapable conclusion that Redoak both lacks standing and has failed to state a claim upon which relief can be granted. The Court should therefore dismiss the Complaint in its entirety under Rule 12(b)(1) and/or (6).

C. **ALTERNATIVELY, THE ASSIGNMENT DOES NOT CONFER STANDING ON REDOAK TO ASSERT ERISA *NON-BENEFIT* CLAIMS**

Alternatively, Redoak lacks standing because the Assignment did not convey any right to bring non-benefits claims under ERISA, including claims for breach of fiduciary duty. Even if the Wellness Plan had continued to exist, and ML were a participant or beneficiary under the Wellness Plan in 2014, "an assignment of benefits under an ERISA

---

[33] *Boldt v. Dow Chem. Co. Voluntary Grp. Acc. Ins. Plan*, No. 6:06-CV-25, 2007 WL 2329873, at *15 (S.D. Tex. Aug. 15, 2007) (Rainey, J.) (holding only a plan administrator is potentially subject to liability under § 1132(c)).

[34] *Boldt*, 2007 WL 2329873, at *15 (aside from a formal copy of the Plan and SPD, there is no statutory penalty available for a failure of a plan administrator to provide requested "documents related to claim determination"); *see also Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, No. CV 14-01480 MMM AGRX, 2014 WL 6603761, at *23 (C.D. Cal. July 28, 2014) (citing authorities and holding that 1132(c) claims cannot be brought for violations of § 1133's implementing regulations pertaining to claim-related documents).

[35] *See, e.g.,* 29 C.F.R. § 2520.104b-2(g) (a plan administrator bears no duty to provide an SPD in response to a request received after termination of the plan).

plan does not convert the assignee into a plan participant or beneficiary,"[36] because the right to sue for non-benefits claims under ERISA is not a right "provided under the plan," but rather is "provided by ERISA itself."[37] It is well settled law in this circuit that an assignment of benefits under an ERISA plan does not assign non-benefits claims, including claims for breach of fiduciary duty.[38] As the Fifth Circuit has explained, this rule stems from the nature of a fiduciary breach claim:

> Because an assignment of a fiduciary duty breach claim affects all plan participants, and unsuccessful claims can waste plan resources that are meant to be available for employees' retirements, these claims are not assigned by implication or by operation of law. Instead, ***only an express and knowing assignment of an ERISA fiduciary claim is valid.***[39]

Thus, courts permit providers to assert such claims only where the patient's assignment uses language explicitly referring to an "ERISA breach of fiduciary duty claim." Where the patient assignment lacks such a specific reference, courts routinely find the provider has no standing.[40]

The Assignment does not expressly or knowingly assign anything other than claims for medical benefits. Instead, it assigns only:

---

[36] *Quality Infusion Care, Inc. v. Aetna Life Ins. Co.*, No. CIV.A. H-05-2929, 2006 WL 3487248, at *6 (S.D. Tex. Dec. 1, 2006) (Ellison, J.) (dismissing claim for statutory penalties under ERISA 502(c)(1)(B)), *aff'd*, 257 F. App'x 735 (5th Cir. 2007).

[37] *Texas Life, Accident & Hosp. Servs. Ins. Guar. Ass'n v. Gaylord*, 105 F.3d 210, 215 (5th Cir. 1997).

[38] *Texas Gen. Hosp., LP v. United Healthcare Servs., Inc.*, No. 3:15-CV-02096-M, 2016 WL 3541828, at *8 (N.D. Tex. June 28, 2016) (citing authorities).

[39] *Id.* at *8 (quoting *Tex. Life, Accident, Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entertainment Co.*, 105 F.3d 210, 218 (5th Cir. 1997)).

[40] *See, e.g., Texas Gen. Hosp., L.P.,* 2016 WL 3541828, at *8 (citing authorities); *Romano Woods Dialysis Ctr. v. Admiral Linen Serv., Inc.*, No. H-14-1125, 2014 WL 3533479, *2 (S.D. Tex. July 15, 2014) (dismissing claims under 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1140 for want of an express assignment of such claims to plaintiff); *Mid-Town*, 16 F. Supp. 3d at 775-76.

>    **all medical benefits and/or insurance reimbursement**, if any, otherwise payable to [patient] for service rendered by [Redoak]" and "any claim, chose in action, or other right I may have to such group health plans, health insurance issuers or tortfeasor insurer(s) under any applicable insurance policies, employee benefit plan(s) or public policies <u>with respect to medical expenses</u> incurred as a result of the medical services I received from the above named provider(s), and to the full extent permissible under the law to claim or lien **such medical benefits, settlement, insurance reimbursement** and any applicable remedies….”[41]

*Id*. The Assignment lacks any explicit reference to an "ERISA breach of fiduciary duty claim" and does not assign the patient's right to sue under ERISA for breach of fiduciary duty, civil penalties, or other non-benefits claims.

In *Sleep Lab*, this Court previously considered an *identical* assignment and held that this language is insufficient to convey *any* non-benefits claims under ERISA.[42] Because Redoak relies on exactly the same language, the same result obtains here. And because Redoak lacks standing to bring Counts Two through Six of the Complaint, those claims must be dismissed under Fed. R. Civ. P. 12(b)(1).

## IV.  CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety under Fed. R. Civ. P. 12(b)(1), 12(b)(6), and/or 9(b).

---

[41] ECF No. 1-3.

[42] *See, e.g., Sleep Lab,* 2015 WL 3507894, at *4, *8 (noting that the assignment "does not refer to any ERISA breach of fiduciary duty, or other non-benefits ERISA claims" and dismissing those claims, including claims under 29 U.S.C. § 1132(c)(1) for statutory penalties); *see also Tenet Healthcare Ltd. v. UniCare Health Plans of Texas, Inc.*, No. CIV. A. H-07-3534, 2008 WL 5101558, at *7 (S.D. Tex. Nov. 26, 2008) (dismissing claim for statutory penalties because an "assignment of a right to payment does not convert [the provider] into a 'beneficiary' for purposes of standing to sue under § 1132(c)").

Dated: August 29, 2016	Respectfully submitted,

By:  /s/ Raymond E. Walker
   Andrew G. Jubinsky
   Texas Bar No. 11043000
   Fed. I.D. No. 8603
   andy.jubinsky@figdav.com
   **Attorney-in-Charge**

**Of Counsel:**
Don Colleluori
Texas Bar No. 04581950
Fed. I.D. No. 8598
don.colleluori@figdav.com
Raymond E. Walker
Texas Bar No. 24037663
Fed. I.D. No. 36366
ray.walker@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on August 29, 2016.

**Via ECF:**
Ebad Khan
ekhan@trinityhealthcarenetwork.com
Trinity Healthcare Network
17400 Red Oak Drive
Houston, TX 77090

   /s/ Raymond E. Walker
   Raymond E. Walker